ESPINOSA, Judge,
dissenting.
¶ 16 Although this is a close case, I would come down on the side of upholding the juvenile court’s grant of summary judgment. I respectfully disagree with the majority’s conclusion that Margaret has established, either below or on appeal, any genuine issues of material fact to preclude the severance of her rights based on chronic substance abuse under § 8-533(B)(3). And, there was sufficient unrefuted evidence before the juvenile court to justify its ruling. The court did not, in my view, engage in fact-finding, weigh the evidence, or determine the credibility of witnesses. It had no need to in view of the merely conclusory and self-serving statements submitted in Margaret’s affidavit. See McDonnell v. Cournia, 990 F.2d 963, 969 (7th Cir.1993) (“Self-serving assertions without factual support in the record will not defeat a motion for summary judgment.”). Based on the undisputed facts acknowledged by the majority, as well as the affidavit and report of Dr. Phillip Balch, and the affidavit of CPS caseworker Alma Estrada and reports she attached, ADES presented clear, convincing, and, most importantly, unrefuted evidence that severance of Margaret’s rights was justified pursuant to § 8-533(B)(3), and it established by a preponderance of the evidence that severance was in Dasanee’s best interests. Given all the undisputed evidence that Margaret’s drug addiction was chronic and long term, no reasonable jury could decide the case differently. See Orme Sch. v. Reeves, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). Because the entry of summary judgment was proper on the ground of substance abuse, that is sufficient to uphold the juvenile court’s ruling. Michael J. v. Ariz. Dep’t of Econ. Sec., 196 Ariz. 246, ¶ 27, 995 P.2d 682, 687 (2000). Accordingly, I would affirm the court’s judgment.